pellate Division, Second Department. April 16, 1915.) Action by William Luhman against the New York, Westchester & Boston Railway Company. No opinion. Judgment affirmed, with costs, upon authority of Luhman v. New York, Westchester & Boston Railroad Co., 163 App. Div. 964, 148 N. Y. Supp. 1127.

LUKANIK v. BATOVIC. (No. 7284.) (Supreme Court, Appellate Division. First Department. April 30, 1915.) Appeal from Special Term, New York County. Action by Mike Lukanik against Mike Batovic. From an order granting a motion to open default and to answer, the plaintiff appeals. Order modified, so as to require an undertaking for the payment of any judgment rendered against defendant. Abram S. Jaffer, of New York City, for appellant.

PER CURIAM. The order appealed from is modified, by adding to the conditions to the opening of the default that the defendant file an undertaking within 10 days after the service of the order to be entered hereon for the payment of any judgment that the plaintiff may ultimately recover against him. If such undertaking be not given within the time fixed, the order appealed from will be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

LYNCH, Respondent, v. CENTRAL BREWING CO., Appellant. (Supreme Court, Appellate Division, First Department. April 30, 1915.) Action by William Lynch, an infant, etc., against the Central Brewing Company. W. A. Jones, Jr., of New York City, for appellant. G. F. Hickey, of New York City, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

McCARTHY, Appellant, v. CITY OF FULTON, Respondent. (Supreme Court, Appellate Division, Fourth Department. March 10, 1915.) Action by Josephine G. McCarthy against the City of Fulton. No opinion. Order affirmed, with costs.

McCHESNEY v. LUCIUS ENGINEERING CO. (Supreme Court, Appellate Division, Fourth Department. March 17, 1915.) Action by John McChesney against the Lucius Engineering Company.

PER CURIAM. Plaintiff's exceptions sustained, and motion for new trial granted, with costs to plaintiff to abide event. Held, that it was a question of fact as to whether the defendant was negligent in furnishing a scaffold which was unsuitable and improper for the work which the plaintiff was required to do.

ROBSON and FOOTE, JJ., dissent.

McINERNEY REALTY CO., Appellant, v. LANGSLOW, Respondent. (Supreme Court, Appellate Division, Fourth Department. March 26, 1915.) Action by the McInerney Realty Company against Harry Richard Langslow. No opinion. Judgment affirmed, with costs.

McKAIGNEY, Respondent, v. TIFFANY, Appellant. (Supreme Court, Appellate Division, Second Department. March 19, 1915.) Action by James McKaigney, an infant, by Marie McKaigney, his guardian ad litem, against Charles M. Tiffany. No opinion. Order of the County Court of Kings County affirmed, with $10 costs and disbursements, upon authority of Watt v. Feltman, 111 App. Div. 314, 97 N. Y. Supp. 737.

McKELVER, Respondent, v. NEW YORK LIFE INS. CO., Appellant. (Supreme Court, Appellate Division, First Department. March 19, 1915.) Action by Stephen McKeever against the New York Life Insurance Company. W. D. Reed, of New York City, for appellant. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

McKENZIE, Appellant, v. WOOD, Respondent. (Supreme Court, Appellate Division, First Department. March 12, 1915.) Action by Peter A. McKenzie against Frederick R. Wood. C. E. Mundy, of New York City, for appellant. C. C. Marsh, of New York City, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

MacKINSTRY, Respondent, v. NEW YORK CENT. R. CO., Appellant. (Supreme Court, Appellate Division, Third Department. May 5, 1915.) Action by Everett MacKinstry against the New York Central Railroad Company, successor to the New York Central & Hudson River Railroad Company.

PER CURIAM. Judgment and order reversed, and new trial granted, with costs to appellant to abide event, on the ground that the damages are excessive, unless the plaintiff stipulates to reduce the verdict to $2,500; in case such stipulation is filed, the judgment is so modified, and, as modified, judgment and order affirmed, without costs.

HOWARD, J., votes for affirmance.

McKNIGHT, Appellant, v. McKNIGHT, Respondent. (Supreme Court, Appellate Division, First Department. March 19, 1915.) Action by Chauncey P. McKnight against Louise S. McKnight. R. L. Turk, of New York City, for appellant. P. Rooney, of New York City, for respondent. No opinion. Order modified, by reducing alimony to $7 per week, and, as modified, affirmed, without costs. Order filed. See, also, 151 N. Y. Supp. 1128.

McLAUGHLIN v. NEW YORK RYS. CO. (Supreme Court, Appellate Division, First Department. March 19, 1915.) Action by James J. McLaughlin against the New York Railways Company. No opinion. Motion denied, with $10 costs. Order filed. See, also, 151 N. Y. Supp. 1128.

McLEAN, Appellant, v. BRONX PARKWAY COMMISSION, Respondent. (Supreme Court, Appellate Division, First Department. April 1, 1915.) In the matter of Charles F.

McLean against the Bronx Parkway Commission. E. S. Clinch, of New York City, for appellant. T. F. Stevens, of New York City, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

McLEAN, Respondent, v. STUDEBAKER BROS. CO. OF NEW YORK, Appellant. (No. 7056.) (Supreme Court, Appellate Division, First Department. April 23, 1915.) Appeal from Trial Term, New York County. Action by William McLean against the Studebaker Bros. Company of New York. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed. Clayton J. Heermance, of New York City, for appellant. William F. Purdy, of New York City, for respondent.

PER CURIAM. Judgment and order affirmed, with costs. Order filed.

INGRAHAM, P. J. (dissenting). The plaintiff was not in the employ of the defendant, but in the employ of one who was working for the defendant under an independent contract. In the course of this work he fell off a ladder not furnished by the defendant. The defendant gave no directions as to how the work should be done, and, so far as appears, had no knowledge that the plaintiff was about to work at this particular fan light or window at the time of the accident. Unless it was the duty of the defendant to keep this fan bolted at all times, I do not see how it would be negligence to have it unbolted at the time the plaintiff selected for cleaning it. I think there is not the slightest proof that the defendant was negligent, or that the accident resulted from any lack of care of the defendant or its employés. I think, therefore, the judgment should be reversed, and the complaint dismissed.

HOTCHKISS, J., concurs.

McNAMEE v. CHENOWETH et al. (two cases.) (Supreme Court, Appellate Division, First Department. April 30, 1915.) Action by Mary J. McNamee as executrix, etc., against Catherine R. Chenoweth and others. No opinion. Motion to dismiss appeal granted, with $10 costs, unless appellants comply with terms stated in order. Orders filed.

McNEILLY, Respondent, v. CHAMPLIN, Appellant. (Supreme Court, Appellate Division, Second Department. April 16, 1915.) Action by William T. McNeilly against Jane Q. Champlin. No opinion. Order of the County Court of Westchester County reversed, with $10 costs and disbursements, and the motion to strike out and disallow the item of $15 granted, with $10 costs, upon the ground that the amended answer rendered nugatory the notice of trial.

In re MAHAR. (Supreme Court, Appellate Division, Second Department. March 26, 1915.) In the matter of the accounting by Franklin W. Mahar, substituted trustee, etc., of Susannah A. Dickie, deceased.

PER CURIAM. Assuming the regularity of the order appealed from, we think the circumstances shown in the moving papers did not justify the relief granted to respondent. The trustee is under a large bond, and the duties of the trust terminate necessarily on July 5, 1915. Proceedings to settle his account as trustee should not be multiplied at the expense of the estate. The order is therefore reversed, with $10 costs and disbursements, and respondent's motion is denied, without prejudice to any proceedings that may be instituted either by the trustee or by any of the beneficiaries on the termination of the trust on July 5, 1915.

In re MANHATTAN RY. CO. (Supreme Court, Appellate Division, First Department. April 1, 1915.) In the matter of the Manhattan Railway Company. No opinion. Application granted. Settle order on notice. See, also, 163 App. Div. 895, 147 N. Y. Supp. 1125.

MANION, Respondent, v. RICHELSON, Appellant. (Supreme Court, Appellate Division, Third Department. March 18, 1915.) Action by Antoine Manion, as administrator, etc., against Henry C. Richelson. No opinion. Judgment and order unanimously affirmed, with costs.

MARIANI, Appellant, v. NEW YORK TELEPHONE CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. March 26, 1915.) Action by Enidena Mariani, as administratrix, etc., against the New York Telephone Company. No opinion. Motion for leave to appeal (151 N. Y. Supp. 1128) to the Court of Appeals denied, with $10 costs.

MARTIN, Respondent, v. NEW TRINIDAD LAKE ASPHALT CO., Appellant. (Supreme Court, Appellate Division, First Department. March 12, 1915.) Action by William D. Martin against the New Trinidad Lake Asphalt Company. L. L. Kellogg, of New York City, for appellant. H. B. Johnson, of New York City, for respondent. No opinion. Judgment and orders affirmed, with costs. Order filed.

MARTIN, Respondent, v. SMITH BROS. PLUMBING CO., Appellant. (Supreme Court, Appellate Division, Second Department. April 9, 1915.) Action by Sarah Martin against the Smith Bros. Plumbing Company. No opinion. Motion to dismiss appeal denied, on condition that appellant perfect its appeal, place the case on the May calendar, and be ready for argument when reached; otherwise, motion granted, with $10 costs.

MARTINI v. BELL. (Supreme Court, Appellate Division, Third Department. May 7, 1915.) Action by Caroline Martini against Joseph Bell. No opinion. Motion granted, unless within 40 days the appellant serves printed papers and pays $10 costs of motion; if such be done, motion is denied, without costs.